Irwin D. Davidson, J.
The defendant moves to suppress the books and records of the defendant and of All-Weather Bowl Associates, a limited partnership of which he and one Bobert G-. Wilkins were general partners, on the ground that their seizure by the Attorney-General was illegal. Pursuant to article 23-A *1090 of the General Business Law, the Attorney-General commenced an investigation into the activities of All-Weather Bowl Associates and County Line Bowl, both of which are limited partnerships, and in which the defendant and Wilkins were general partners. It was suspected that, in both organizations, limited partnership units were being sold or had been sold to the general public and the funds misappropriated. Employees of these organizations were subpoenaed by the Attorney-General to testify and to bring with them the books and records of those organizations. At the time the subpoenas were served, the subpoenaed employees telephoned to Wilkins, as one of the general partners, and explained that the Attorney-General was seeking to examine the books and records of both organizations. Thereupon Wilkins told the employees to co-operate with the Attorney-General’s representative and to turn over to him the books and records in question. This was done. The Attorney-General’s representative took the books and records; and, as a receipt, left a subpoena duces tecum listing the various records which had been turned over. Under these circumstances, I conclude that there was no illegal seizure by the Attorney-General. No personal records belonging to the defendant were taken. Here one of the general partners of a limited partnership turned over the books and records to the Attorney-General voluntarily. A general partner of a limited partnership may voluntarily consent and turn over records of a limited partnership (United States v. Sferas, 210 F. 2d 69, 74). The court stated: “where two persons have equal rights to the use or occupation of premises, either may give consent to a search, and the evidence thus disclosed can be used against either.” In like manner a general partner of a limited partnership could not successfully claim that compliance with a subpoena directing him to produce books and records of the partnership was an invasion of his constitutionally protected right to decline to give evidence against himself (Matter of United States v. Silverstein, 314 F. 2d 789). Defendant’s motion is in all respects denied.